**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

ERIN QUESNELL JOBS,

               Plaintiff,

v.

ANTHEM BLUE CROSS BLUE SHIELD
OF WISCONSIN

               Defendant.

)
)
)
)
)
)
)
)
)
)

Case No.  2:26-cv-440

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross Blue Shield ("BCBSWI"), hereby removes Case No. 2026-CV-000091, *Erin Quesnell Jobs v. Anthem Blue Cross Blue Shield of Wisconsin* from the Circuit Court of Winnebago County, State of Wisconsin (the "State Action") to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Removal is proper because federal question jurisdiction exists, given that the claims at issue are completely preempted by Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").  In support of this Notice, BCBSWI states as follows:

## I. BACKGROUND

1. On January 26, 2026, Plaintiff Erin Quesnell Jobs ("Jobs" or "Plaintiff") filed her Complaint in the State Action ("Complaint"). *See* Exhibit A, Complaint. BCBSWI was served with the Summons and the Complaint on February 16, 2026. *See* Exhibit B, Declaration of Amanda Mraz ("Mraz Decl.") at ¶ 7.

2. Plaintiff alleges that in 2020 she purchased the Anthem Gold Blue Preferred group health insurance policy from Defendant through her employer, Harbor House Domestic Abuse of Appleton, Wisconsin. The Member ID for the policy was VZC289W07413. *See* Ex. A ¶ 6.

3. Pursuant to this policy, Plaintiff alleges that on or about September 6, 2022, she underwent cranio-maxillofacial surgery to address jaw malocclusion. *Id.* ¶ 7.

4. Plaintiff alleges that Defendant pre-authorized this surgery as medically necessary. *Id.*

5. Plaintiff alleges that after the surgery Defendant denied or delayed payment and that ultimately the medical provider sent the bill for the surgery to collections with interest accruing and damaging Plaintiff's credit. *Id.* ¶¶ 9-14.

6. The Complaint purports to assert causes of action for (1) breach of contract unfair and (2) bad faith. *See id.* ¶¶ 20–29.

7. Plaintiff's Count I for breach of contract claim seeks compensable damages and an amount to be determined by a jury plus interest under Wis. Stat. § 628.46. *Id.* ¶ 23.

8. Plaintiff's Count II for bad faith (*see id.* ¶¶ 24–29) seeks additional payment for Plaintiff's compensatory damages, including emotional distress, in an amount to be determined by a jury. *Id.* ¶ 29.

9. Plaintiff further seeks the interest amount on the overdue claim that was sent to collections, pursuant to Wis. Stat. § 628.46. *Id*. ¶¶ 33-34.

10. Plaintiff also seeks punitive damages for refusing to investigate, evaluate, negotiate, and settle the outstanding medical bills. *Id*. ¶ 36.

11. Plaintiff is also seeking attorneys' fees, costs, and disbursements. *Id*. at 6.

## II.    TIMELY REMOVAL

12. This Notice of Removal is timely because it is being filed within 30 days of the receipt of the Complaint filed by Plaintiff. *See supra* ¶ 1.

## III.    PROPER VENUE

13. Venue is proper because this Court is the United States District Court for the district and division embracing the place where the State Action is pending. *See* 28 U.S.C. § 1441(a).

## IV.    FEDERAL QUESTION JURISDICTION

14. BCBSWI removes this case to federal court because this case involves claims by Plaintiff that seek to recover benefits and enforce rights under an employee welfare benefit plan that is governed by ERISA, and thus, Plaintiff's state law claims are preempted by ERISA. The United States District Court for the Eastern District of Wisconsin therefore has original jurisdiction over Plaintiff's causes of action under 28 U.S.C. § 1331, in that federal question jurisdiction exists, and BCBSWI may remove the action to this Court under 28 U.S.C. § 1441.

15. Federal question jurisdiction exists because section 502(a) of ERISA completely preempts state law claims related to an employee benefit plan. *Wausau Supply Co. v. Murphy,* Case No. 13-cv-698, 2014 U.S. Dist. LEXIS 77523 at *11-13 (W.D. Wisc. June 6, 2014) (denying motion to remand), *relying on and quoting, Arana v. Oschner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc) (determining that there is complete preemption and federal jurisdiction over

3

DCACTIVE-86644871.1

a claim that seeks relief within the scope of the civil enforcement provisions of ERISA Section 502(a)); *see also, Osterman v. Smith*, Case No. 10-3220, 2011 U.S. Dist. LEXIS 38381 (C.D. Ill. Mar. 17, 2011) (denying motion to remand; claims preempted under ERISA), *citing to and relying on, Arana* 338 F.3d at 440.

16. Federal question jurisdiction exists when state-law claims are completely preempted by Section 502(a) of ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

17. Section 502(a) of ERISA provides, in relevant part, as follows:

(a) . . . A civil action may be brought—

(1) by a participant or beneficiary—

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ….

29 U.S.C. § 1132(a)(1)(B).

18. Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such cause of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive[.]" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id.* at 210.

19. As a result, complete preemption under Section 502(a) is "an exception to the well-pleaded complaint rule," and a case may be removed to federal court even though a complaint does not assert a cause of action under federal law if the plaintiff asserts a state law claim that falls within the scope of Section 502(a). *Id.* at 207–08.

4

DCACTIVE-86644871.1

20.     It does not appear from the face of the Complaint that Plaintiff alleges any state law claims which are not preempted by ERISA.  However, to the extent Plaintiff does, or may do so in the future, this Court would have jurisdiction over such claims because the claims would be subject to this Court's supplemental jurisdiction.  State law claims which arise out of the "same case or controversy" as a federal claim are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and removal is proper under 28 U.S.C. § 1441(a).  *See Estate of Coggins v. Wagner Hopkins Inc.*, 174 F. Supp. 2d 883, 889 (W.D. Wisc. 2001) (exercising supplemental jurisdiction over "closely related" state-law claims not preempted by ERISA).

a.     *ERISA Governs Plaintiff's Health Plan*

21.     ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). ERISA's provisions apply to any employee welfare benefit plan that is "established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce."  29 U.S.C. § 1003(a)(1).

22.      Here, Plaintiff has alleged that she received health insurance coverage from BCBSWI.  Exhibit A, Compl. ¶ 6.  Plaintiff received health care benefit coverage from BCBWI only through the health benefits plan of her employer, Harbor House Domestic Abuse of Appleton, Wisconsin.  *See* Mraz Decl. at ¶ 5 (confirming Plaintiff received health care benefit coverage through the health benefits plan for Harbor House Domestic Abuse of Appleton, Wisconsin).  The Plan is an employee welfare benefit plan governed by ERISA because it is established and maintained by Plaintiff's employer for the purpose of providing medical benefits to its employees.

5

DCACTIVE-86644871.1

*Id.* at ¶¶ 5-6. Plaintiff's employer purchased a group policy of insurance from BCBSWI. *See id.* at Ex. 1.

### b. ERISA Preempts Plaintiff's Claims

23. Plaintiff's claims are based on the allegation that Defendant failed to honor its contract with Plaintiff by failing to pay covered claims under the policy, that Plaintiff demanded payment, pursuant to her health insurance coverage, for payment of her medical bills, and that Defendant owed Plaintiff a duty of good faith and fair dealing that was inherent in the insurance policy, which was disregarded by Defendant's ongoing failure to pay the claims, ultimately constituting bad faith. Exhibit A, Compl. ¶¶ 20-28. Such allegations arise out of and necessarily depend upon the parties' rights and obligations under the Plan, which is an employee welfare benefit plan governed by ERISA. Thus, Plaintiff's exclusive remedy is a claim under ERISA Section 502(a)(1)(B), and no other independent legal duty is implicated by the allegations in the Complaint. *Davila*, 542 U.S. at 210.

24. ERISA provides the exclusive remedy for this action, and Plaintiff cannot avoid complete preemption by styling her claims as state law causes of action. *Id*. at 209; *see also Stocks v. Life Ins. Co. of N. Am.*, 861 F. Supp. 2d 948, 950 (E.D. Wis. 2012) ("A suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted.") (citing *Rud v. Liberty Life Assurance Co. of Boston*, 438 F.3d 772, 777-78 (7th Cir. 2006)); *Marino v. Cont'l Cas. Co.*, 308 F. Supp. 2d 906, 909 (E.D. Wisc. 2003) (holding that state law breach of contract and bad faith claims were preempted by ERISA and that the case was removable to federal court); *Koehler v. Metro. Life Ins. Co.*, No. 06-C-0233, 2007 U.S. Dist. LEXIS 47945, *1 n.1 (E.D. Wis. July 2, 2007) ("[Plaintiffs] also raised state law claims of breach

6

DCACTIVE-86644871.1

of contract, breach of fiduciary duties, and a claim pursuant to Wis. Stat. § 628.46. ERISA preempts those claims").

25.     Because Plaintiff's causes of action "derive[] entirely from the particular rights and obligations established by" the Plan, ERISA section 502(a) completely preempts those claims. *Davila*, 542 U.S. at 213.  Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.

## V.      COMPLIANCE WITH REMOVAL STATUTE AND LOCAL RULES

26.     BCBSWI has fully complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

27.     In accordance with 28 U.S.C. § 1446(a), BCBSWI files this Notice of Removal in the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division, because the Circuit Court of Winnebago County, Wisconsin is located in this federal judicial district and division.

28.     In accordance with 28 U.S.C. § 1446(a), BCBSWI has attached to this Notice of Removal a copy of all process and pleadings from the State Action and a separate copy of the operative Complaint.  *See* Exhibit A (State Action Complaint). In addition, a copy of the State Action docket is attached hereto as Exhibit C.

29.     In accordance with 28 U.S.C. § 1446(a), counsel for BCBSWI has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

30.     In accordance with 28 U.S.C. § 1446(b)(1), BCBSWI files this Notice of Removal within thirty days of receipt of the Summons and the Complaint on February 16, 2026.

31.      In accordance with 28 U.S.C. § 1446(b)(2)(A), BCBSWI consents to removal of this action, by and through their counsel.

7

DCACTIVE-86644871.1

32.     In accordance with 28 U.S.C. § 1446(d), BCBSWI will provide notice of this filing to Plaintiff and will promptly file a copy of this Notice of Removal in the Circuit Court of Winnebago County, Wisconsin.

33.     BCBSWI is contemporaneously filing a Civil Cover Sheet with this Notice of Removal.

WHEREFORE, BCBSWI respectfully requests that the above-described State Action be removed from the Circuit Court of Winnebago County, Wisconsin to the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division; that no further proceedings be held in the Circuit Court of Winnebago County, Wisconsin; and that the Court grant such other and further relief as the Court deems just and proper.

DATED:  March 18, 2026

Respectfully submitted,

**CROWELL & MORING LLP**

*/s/ Robert Deegan*
Robert Deegan, WIED Bar 6289338
300 N La Salle Dr., Suite 2500
Chicago, IL 60654
rdeegan@crowell.com
(312) 379-4293

*Counsel for Defendant*

8

DCACTIVE-86644871.1

# <u>CERTIFICATE OF SERVICE</u>

I, Robert Deegan, hereby certify that, on March 18, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Wisconsin using the ECF System. I hereby further certify that I served the foregoing via email on the following:

David M. Stegall
LawtonCates S.C.
1050 East Washington Avenue,
Suite 330
Madison, WI 53703
dstegall@lawtoncates.com

*/s/ Robert Deegan*
Robert Deegan

DCACTIVE-86644871.1